The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHNNY MADISON WILLIAMS,<br><br>Defendant. | CASE NO.  CR94-398TSZ<br>CR94-548TSZ<br>CR94-550TSZ<br>CR94-604TSZ<br><br>**STIPULATION OF THE PARTIES PERTAINING TO MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)** |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Helen J. Brunner, Assistant United States Attorney for said District, and the defendant, Johnny Madison Williams, through his counsel, Assistant Federal Public Defender Vicki Lai, hereby stipulate and agree as follows:

1.      On September 4, 1994, Johnny Madison Williams appeared before this Court and, consistent with the terms of a plea agreement, entered guilty pleas to one count of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371; five counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d); and five counts of use of a firearm in commission of a crime of violence 18 U.S.C. § 924(c).  In addition to the case

Stipulation of the Parties Pertaining to Motion for Compassionate Release
Pursuant to 18 U.S.C. § 3582(c)(1)(A)
*United States v. Williams* - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

charged in the Western District of Washington, this plea agreement resolved cases filed against Williams in three other federal judicial districts that were transferred to this district court for resolution. For these offenses, on January 20, 1995, this Court sentenced Williams to serve a total sentence of ninety-two years of imprisonment. Williams has been in custody since July 9, 1994. Given that he has lost only 14 days of good conduct time during that period for a refusal of a work assignment, he has now completed the equivalent of a 31-year prison sentence.

2. On September 3, 2020, Williams made a request for compassionate release to the Warden at Victorville Medium II Federal Correction Institution where he was housed (before his recent transfer to United States Penitentiary at Lompoc) based on his medical conditions as detailed in paragraph 3 below. That request was denied on September 17, 2020. Because more than 30 days have passed since he presented his request to the Warden, Williams has satisfied the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A), and this Court may consider the merits of his motion.

3. Williams is now 69 years old. He will turn 70 later this month. The undersigned counsel for the United States and counsel for the defense have each reviewed Williams' Bureau of Prisons medical records. Records confirm that Williams suffers from a variety of medical conditions, that include chronic obstructive pulmonary disease (COPD), neuropathy, recurrent Bell's palsy, and cataracts. He also has coronary artery disease and a history of pulmonary embolisms. In addition, Williams attempted suicide twice during his incarceration including one attempt which resulted in renal failure for which he was placed on dialysis for a time. Finally, the record establishes that he was also a long-time smoker.

4. According to the Centers for Disease Control and Prevention (CDC), COPD, coronary artery disease, and his history of smoking are all factors that are known to increase his risk of severe illness from the virus that causes COVID-19. His age also places him at a higher risk category for serious illness from the virus. And the other medical conditions that he suffers from establish that he is in very poor health.

Stipulation of the Parties Pertaining to Motion for Compassionate Release
Pursuant to 18 U.S.C. § 3582(c)(1)(A)
*United States v. Williams* - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5.      Based on these and other facts, the parties agree that Williams's medical history and age provide "extraordinary and compelling reasons," as required in 18 U.S.C. § 3582(c)(1)(A) to permit this Court to consider whether a reduction in sentence is warranted after consideration of the factors in 18 U.S.C. § 3553(a). The parties further agree that Williams's release would also be consistent with the factors set forth in 18 U.S.C. § 3553(a) and that based on his medical conditions, he does not pose a danger to the community if released. The parties acknowledge that Williams's offenses are serious offenses. However, Williams was 43 years old at the time of sentencing, and before the robberies, his criminal history consisted of two offenses for felony theft of a car and armed robbery of a convenience store in 1968 and 1969, when he was 17 and 18 years old. Moreover, regarding the § 3553(a) analysis in the context of compassionate release, the Court should also consider that, if sentenced today, Williams's five § 924(c) convictions and sentences, when combined with a guideline range for his bank robberies and conspiracy convictions, would result in an advisory guideline range of 370 to 387 months. Williams has already served, with good time, 372 months of imprisonment. And if this Court concludes that a reduction in sentence is appropriate, pursuant to 18 U.S.C. § 3582(c)(1)(A), this Court may "impose a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."

6.      For all these reasons, the parties jointly recommend that pursuant to the authority in 18 U.S.C. § 3582(c)(1)(A), this Court should reduce Williams's sentence to time served and further direct that the Bureau of Prisons be provided the discretion to execute this order after a quarantine period of 14 days.

7.      Although Williams has been provisionally approved to reside in an Oxford House if this Court grants his release, he must still participate in an in-person interview before a facility placement can be determined. Therefore, if this Court agrees that Williams should be released, he will need placement in a residential reentry center until the steps for residence in an Oxford House can be completed. Therefore, in addition to the quarantine requirement, this Court should therefore include the following condition in any order:

Stipulation of the Parties Pertaining to Motion for Compassionate Release
Pursuant to 18 U.S.C. § 3582(c)(1)(A)
*United States v. Williams* - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The defendant shall reside in and satisfactorily participate in a residential reentry center program, as a condition of supervised release or probation for up to 180 days or until discharged by the Program Manager or U.S. Probation Officer. The defendant may be responsible for a 25% gross income subsistence fee.

Dated this 4th day of January, 2021.

                Respectfully submitted,

                BRIAN T. MORAN
                United States Attorney

                */s/ Helen J. Brunner*
                HELEN J. BRUNNER
                Assistant United States Attorney
                United States Attorney's Office
                700 Stewart Street, Suite 5220
                Seattle, Washington 98101-1271
                Phone: 206-553-7970
                E-mail: Micki.Brunner@usdoj.gov

                */s/ Vick Lai*
                VICKI LAI
                Assistant Federal Public Defender
                Counsel for Johnny Madison Williams.

Stipulation of the Parties Pertaining to Motion for Compassionate Release
Pursuant to 18 U.S.C. § 3582(c)(1)(A)
*United States v. Williams* - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970